DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Harry Boals has appealed from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} Appellant was indicted on one count of robbery in violation of R.C. 2911.02(A)(2). Prior to trial, the trial court ordered that Appellant's competency be evaluated. Upon receiving a psychological evaluation, the trial court found Appellant competent to stand trial. The matter proceeded to a jury trial on January 12, 2006. During trial, the State called numerous bank employees who testified that Appellant entered their place of employment, Ohio Savings Bank, on July 28, 2005. The employees testified that Appellant ordered them to give him money and informed them that he had a gun. Officers then testified that they apprehended Appellant as he attempted to run from the scene of the crime and that Appellant confessed to his crime.
 {¶ 3} Appellant responded to the State's evidence by testifying on his own behalf. Appellant testified that he was being monitored by "off-the-record" psychologists who worked for the Department of Corrections. Appellant asserted that these individuals urged him to re-offend. At the close of the evidence, the jury found Appellant guilty of robbery. Thereafter, Appellant was sentenced to eight years in prison. Appellant has timely appealed his conviction, raising one assignment of error for review.
 II Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT BOALS' MOTION FOR JUDGMENT OF ACQUITTAL UNDER CRIM.R. 29."
 {¶ 4} In his sole assignment of error, Appellant has argued that the State produced insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence.[1] Specifically, Appellant has asserted that his actions were involuntary. This Court disagrees.
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390
(Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991),61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also,Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karchesv. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 7} Appellant was convicted of robbery in violation of R.C.2911.02(A)(2) which provides as follows:
"No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
On appeal, Appellant has not challenged any of the elements of the offense of robbery. A review of the facts indicates that Appellant could not challenge those elements due to the substantial evidence against him.
 {¶ 8} Five bank employees and a bank customer identified Appellant as the man who robbed the bank. Two bank tellers, Andrea Gordon and Angela Blaurock, and their supervisor, Christina Usinski, indicated that Appellant entered the bank and demanded money from them. At that time, Appellant threatened the tellers, asserting that they should do what he asked because he had a gun. Following receipt of monies from the tellers, Appellant ordered the tellers into a locked room of the bank and ordered them not to call the police. The bank's branch manager, Victoria Rarrick, another bank employee, Lindsay Stasko, and a bank customer, Gary SirLouis, then witnessed Appellant leaving the bank. At that time, the latter three realized that the tellers were no longer present and recognized that they were being robbed. Gary SirLouis chased after Appellant and kept him in sight until the police arrived. Police apprehended Appellant while he was attempting to run up a hill away from the bank. Appellant then confessed to the robbery.
 {¶ 9} Officer Gregory Mesko testified as follows:
"I asked him what he wanted to tell me about the incident at the bank today. He said that, again, he said he was sorry to me, that he did this, and said that he had — I believe his mother had just died, just recently passed, and he was trying to get money to save his house. He didn't want to lose his house."
In turn, Sergeant Ray Youngkin testified as follows:
"He had decided to rob someplace, said he needed some money. He hadn't been able to take care of himself. He couldn't get a job. So he decided he would rob someplace, but he didn't want to rob any place where he lived because it was too dangerous."
 {¶ 10} Appellant then took the stand on his own behalf. During his testimony, Appellant confessed to his crime. He admitted to having performed all the actions detailed by the bank employees. Accordingly, there is no question that the State proved the elements of robbery.
 {¶ 11} Rather than challenging the elements of his crime, Appellant has contended that his actions were involuntary. Specifically, during his testimony, Appellant detailed an elaborate account of why he robbed the bank. Appellant asserted that he was being monitored by three "off-the-record" psychologists who worked for the Department of Corrections. Appellant asserted that these psychologists could communicate with him telepathically and were urging him to re-offend. Appellant provided details such as the location of the trailer from which these psychologists allegedly worked. We note that despite the outlandish and ludicrous nature of his testimony, the trial court had previously ordered a competency evaluation of Appellant and found him competent to stand trial following a psychiatric evaluation, and Appellant has not challenged that ruling on appeal.
 {¶ 12} Initially, this Court notes that Appellant's testimony regarding his "Big Brother" theory was directly contradicted by his earlier confessions. Until trial, Appellant had never asserted his actions were the result of these "off-the record" psychological experiments. Rather, he confessed to the two officers that he robbed the bank because he needed money. Furthermore, Appellant neither pled the affirmative defense of duress or coercion, nor sought to prove the elements of those defenses. In fact, a review of the record indicates that Appellant never claimed, until appeal, that his actions were involuntary. Instead, he used the trial court as a soapbox to espouse his wild conspiracy theories about the Department of Corrections.
 {¶ 13} The evidence presented by the State was overwhelming and uncontradicted. Appellant entered the bank, threatened its employees, left with nearly $17,000 in cash, was apprehended a short distance away, and confessed to his crime. Accordingly, Appellant's conviction was not against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2. Appellant's sole assignment of error lacks merit.
 III {¶ 14} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Concurs.
 Moore, J., Concurs in judgment only.
[1] While Appellant's assignment of error appears to address only sufficiency, his argument includes both a challenge to weight and sufficiency. Accordingly, we address both.